FRANK VOLPINTESTA, Corporation Counsel Kenosha County
You state that:
 Several years ago, Kenosha County codified its municipal code and the time has now come to bring that code up to date and also to renumber all of the sections contained within that code in order to reflect a better organizational structure. In addition, a few new ordinances that have not heretofore been passed by the county board of supervisors are being incorporated into the new code as well as a comprehensive revision of the Kenosha County Zoning Ordinance.
You therefore ask four questions concerning the application of secs. 59.09 and 66.035, Stats.:
 1. May the county board in adopting an ordinance pursuant to section 66.035 . . . effectively renumber its entire code of municipal ordinances without the need for a rather lengthy and cumbersome revisor's ordinance; *Page 125 
 2. May the county board of supervisors in adopting an ordinance pursuant to 66.035 effectively incorporate new ordinances into the code without any further publication pursuant to section 59.09 of the Wisconsin Statutes; and
 3. May a comprehensive revision of the Kenosha County Zoning Ordinance enacted pursuant to the provisions of section 59.97(5)(d) be incorporated in the municipal code of ordinances as a general ordinance along with all of the other ordinances . . . and by use of the provisions of section 66.035 of the Wisconsin Statutes avoid further publication of what has turned out to be a rather lengthy ordinance and very costly to have published. This assumes that the public hearing requirements called for by section 59.97 have been complied with along with notices of the holding of the public hearing.
 4. In the event that the section 66.035 in the ordinance provided for therein cannot be used as a substitute for publication of the full text of the ordinance as a special supplement in a newspaper, how many publications are required of the ordinance and must the zoning ordinance be published both before and after publication?
For the reasons which follow, it is my opinion that the answer to the first three questions is yes. It is therefore unnecessary to answer your fourth question.
Your questions require a determination as to the circumstances when sec. 66.035, Stats., exempts a county from the publication requirements contained in sec. 59.09, Stats.
Section 59.09, Stats., provides, in material part:
 (1) Whenever any county board passes any ordinance under this chapter the county clerk shall immediately publish it as a class I notice, under ch. 985; and such clerk shall procure and distribute copies of such paper to the several town clerks, who shall file the same in their respective offices.
 (2) Said board shall, by ordinance or resolution, provide for publication in one or more newspapers in the county as a class 1 notice, under ch. 985, a certified copy of all its proceedings had *Page 126 
at any meeting, regular or special; said publication to be completed within 60 days after the adjournment of each session.
Section 66.035, Stats., provides:
 The governing body of any city, town, county or village may authorize the preparation of a code, or part thereof, of general ordinances of such municipality. Such code, or part thereof, may be adopted by an ordinance referring thereto and may be published in book or pamphlet form and such publication shall be sufficient even though the ordinances contained therein were not published in accordance with ss. 59.09, 60.29 (9), 61.50 (1) and 62.11 (4) (a). A copy of such code, or part thereof, shall be permanently on file and open to public inspection in the office of the clerk after its adoption and for a period of not less than 2 weeks before its adoption. A code adopted by a county in accordance with the procedure provided in this section prior to April 30, 1965 shall be valid notwithstanding failure to comply with s. 59.09.
Section 66.035, Stats., applies only when the county is engaged "in the preparation of a code." Your first three questions seek to ascertain whether sec. 66.035, Stats., applies to renumbered, revised, and newly created ordinances.
Any generally accepted definition of the word "code" encompasses the renumbering of ordinances. "A Code implies, first, a compilation of existing laws, their systematic arrangement into chapters or articles and sections, with subheads, table of contents, and index for ready reference; second, a revision such as to harmonize conflicts, supply omissions, and generally clarify and make complete the [relevant] body of laws." Gibson v. State, 214 Ala. 38, 106 So. 231, 235
(1925). See also State v. Pitet, 69 Wyo. 478, 243 P.2d 177, 184
(1952); Chumbley v. People's Bank Trust Co., 166 Tenn. 35,60 S.W.2d 164, 166 (1933). In addition, a body of laws can be codified more than once. Shelp v. National Surety Corporation,333 F.2d 431, 438 (5th Cir. 1964). Because Kenosha County is again restructuring the organization of its ordinances, the renumbering of those ordinances in connection with such a reorganization is part of the "preparation of a code" within the meaning of sec. 66.035, Stats. Therefore, the answer to your first question is that those ordinances *Page 127 
which are being renumbered need not be published in a revisor's ordinance.
The legislative history of sec. 66.035, Stats., indicates that revised ordinances also need not be published when such revisions are part of the codification process. Section 66.035, Stats., was first enacted "to eliminate inconsistencies and surplusage and to clarify existing statutes . . . relating to city and village government." Ch. 560 (intro.), Laws of 1957. Section 62.11(4)(c), Stats. (1955), had provided that:
 Whenever the governing body of any city shall, by resolution, authorize the preparation of a code consolidating and revising the general ordinances
of such city, or any portion thereof, it shall not be necessary to print such code at length in the official journal following its introduction in such governing body, but the same may be referred to therein by title, and after the adoption and passage of any such code, the same may be published in book form and such publication shall be sufficient even though the ordinances thus consolidated and revised were not published in accordance with the provisions of paragraph (a) of subsection (4) of this section; a copy of such code shall be kept on file and open for public inspection in the office of the city clerk.
Similar language had been contained in sec. 61.50(3), Stats. (1955), which was applicable to villages. Both of these sections were repealed and replaced by sec. 66.035, Stats. See ch. 560, Laws of 1957. Section 66.035, Stats., was later made applicable to counties and towns by ch. 32, Laws of 1965. No substantive change in procedure was contemplated by the passage of sec. 66.035, Stats. Predecessor statutes clearly indicate that codified revised ordinances were exempt from newspaper publication requirements. Section 66.035, Stats., authorizes the preparation of "a code or part thereof, of general ordinances." Since a zoning ordinance constitutes a part of the general ordinance of a municipality, the answer to your third question is that a comprehensive revision of a county's zoning ordinance under sec. 59.97(5)(d), Stats., is exempt from the publication requirements contained in sec. 59.09, Stats., if the comprehensive revision is part of the codification process. This answer makes it unnecessary to answer your fourth question. *Page 128 
It is an extremely close question as to whether the enactment of newly created ordinances constitutes part of "the preparation of a code" within the meaning of sec. 66.035, Stats. Modern authority suggests that codification can encompass the passage of entirely new legislation. "A code is to be distinguished from adigest. Digests of statutes consist of a collection of existing statutes, while a code is promulgated as one new law covering the whole field of jurisprudence." Black's Law Dictionary 323 (4th ed. 1968). Accord, Shelp v. National Surety Corporation, 333 F.2d 431,438 (5th Cir. 1964). But see Bassett v. United States,137 U.S. 496, 506 (1890). The Legislature appears to have concluded that the availability of a complete set of ordinances in the office of the clerk, as mandated by sec. 66.035, Stats., constitutes a sufficient substitute for the publication of those ordinances as a class 1 notice under sec. 59.09(c), Stats., and similar statutes. The notice provided under sec. 66.035, Stats., is just as effective for newly created ordinances as it is for revisions to existing ordinances. I, therefore, conclude that the answer to your second question is that newly created ordinances which are enacted pursuant to the codification process need not be published in the manner specified in sec. 59.09, Stats.
BCL:FTC